IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02042-M

JASON DEAN BORDEN,             )
                                )
              Petitioner,       )
                                )
      v.                        )        ORDER
                                )
FMC BUTNER WARDEN,              )
                                )
              Respondent.       )

Jason Dean Borden ("petitioner") filed a petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") has failed to apply his federal time credits in accordance with the First Step Act ("FSA"). Respondent subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for summary judgment pursuant to Rule 56(a) (DE 23). Petitioner responded. On November 18, 2025, the court directed respondent to supplement the record with evidence indicating whether the BOP has recalculated petitioner's sentence. See (DE 36). Respondent complied, and asserts the petition now is moot. Responded states petitioner had a projected release date of October 20, 2029, when he filed his petition. See ((DE 37), p. 1). Petitioner now has a projected release date of October 20, 2029, and has been released to a residential reentry center ("RRC"). See (id.) Petitioner did not respond to respondent's supplemental filing.

"A case becomes moot–and therefore no longer a Case or Controversy for purposes of Article III–when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Plymail v. Mirandy, 8 F.4th 308, 314–15 (4th Cir. 2021). Here,

respondent asserts the petition should be dismissed as moot because petitioner was placed in an RRC and has received the relief sought. See ((DE 37), pp. 2-3). Petitioner does not dispute that he has received the relief he sought. Based upon the foregoing, the petition is DISMISSED as MOOT. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998); Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff").

In summary, the petition is DISMISSED without prejudice as MOOT and a certificate of appealability is DENIED. Respondent's motion to dismiss or, in the alternative, for summary judgment (DE 23) is TERMINATED as MOOT. The clerk of court is DIRECTED to close this case.

SO ORDERED this 27TH day of January, 2026.

RICHARD E. MYERS II
Chief United States District Judge

2